## NEW DEEMER MFG. CO. v. WELLS.

(Circuit Court of Appeals, Fifth Circuit.   January 15, 1924.)

No. 4101.

1. **Master and servant ☞208(1)—Risk from unsafe place not assumed by servant.**

Under Hemingway's Code Miss. § 504, a servant does not assume the risk of the master's negligence in failing to maintain the place where the servant works in reasonably safe condition.

2. **Master and servant ☞124(1)—Master required to make reasonable inspection of place of work.**

The duty of a master to furnish a reasonably safe place for the servant to work includes the duty of inspection whenever the circumstances are such as to suggest to a reasonable person the propriety of such inspection.

3. **Master and servant ☞124(7)—Failure of master to inspect and repair place of work held negligence.**

Plaintiff, who was night fireman in defendant's lumber mill, was injured by the giving way of a metal runway he was required to use, caused by the burning away of its wooden supports on the previous night. Such supports were liable to take fire and burn, and they frequently did. *Held*, that such fact rendered it negligent for defendant to fail to make daily inspections and to keep them in safe condition.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action at law by J. A. Wells against the New Deemer Manufacturing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

A. S. Bozeman and Ben F. Cameron, both of Meridian, Miss. (Paul Dees, of Philadelphia, Miss., on the brief), for plaintiff in error.

Marion W. Reily and Nate S. Williamson, both of Meridian, Miss., for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

WALKER, Circuit Judge.   This was an action by the defendant in error against the plaintiff in error to recover damages for personal injuries sustained while the former was employed as night fireman in the latter's lumber-manufacturing plant.   The parties are herein referred to by their designations in the trial court.   Plaintiff was injured as a result of a fall while he was engaged in throwing fuel into an opening, called a "pot hole," through a metal-covered floor into the furnace below.   While plaintiff was so engaged he was on a runway, one side of which was several inches above the level of the floor, and it slanted downward from that side.   The surface of that runway was covered with metal.   It was supported by wooden sills, which were not covered with metal.   The wooden support nearest the pot hole was exposed to heat and flames coming through the pot hole.   The injury complained of was attributed to the failure of defendant to furnish a safe place for plaintiff to work, in that the runway, while plaintiff was thereon engaged in throwing fuel into a pot hole, gave

way in consequence of its wooden supports having been burned, following the one nearest the pot hole being set on fire by heat or flames coming therefrom.

Defendant complains of the refusal of the court to direct a verdict in its favor. There was evidence tending to prove the following: The wooden supports under the runway very frequently were damaged by being set on fire by flames coming from the pot hole. They were so burned out the night before that during which plaintiff was injured, and he helped to put out the fire on that occasion. The damage so done had not been repaired when plaintiff returned to work the following night. After he was hurt, he noticed that the damage caused by the fire of the previous night had not been remedied. Such damages were easily discoverable by defendant and those in charge of the operation of its plant. When plaintiff was hurt, he was at a place where it was customary and proper for him to be while doing the work assigned to him under such conditions as existed at that time.

[1, 2] Defendant was under a continuing duty to furnish plaintiff a reasonably safe place in which to work, and plaintiff did not assume a risk resulting from defendant's negligence. Finkbine Lumber Co. v. Cunningham, 101 Miss. 292, 57 South. 916; Hemingway's Code Miss. § 504. The duty mentioned includes the duty to inspect whenever the circumstances are such as to suggest to a reasonable person the propriety of such an inspection.

[3] Defendant's duty to inspect the runway supports was commensurate with the known constant danger of their being damaged by fire. 26 Cyc. 1140. Evidence adduced warranted findings that the circumstances were such as to suggest the propriety of daily inspections, that defendant was negligent in failing to discover and remedy the damage done by fire the night before between that time and the time plaintiff was hurt, and that that negligence was a proximate cause of the injury complained of. It follows that the court did not err in refusing to direct a verdict in favor of the defendant.

Other rulings complained of are such as to call for no more being said of them than that none of them involved reversible error.

The judgment is affirmed.